UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:02CV566TIA |
| ) | |
| RUBBER MULCH ETC., LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| AND RELATED CLAIMS ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Rubber Mulch Etc., LLC's and Rubber Resources Ltd. LLP's Motion to Compel Michael Miller's Deposition Testimony. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

This case involves the validity of a patent for synthetic mulch ('514 Patent), which consists of shredded rubber coated with a durable colorant substance. On January 10, 2005, Plaintiff filed its First Amended Complaint, alleging patent infringement against Defendants Rubber Mulch Etc., LLC ("RME"), Groundscape Technologies, LLC ("GT"), and Rubber Resources, Ltd., LLLP ("RR"). Plaintiff also alleges common law trademark and service mark infringement and unfair competition; trademark and service mark dilution under Missouri law; false designation of origin, false description and dilution; and breach of contract against RME. In response, the Defendants seek declaratory judgment of non-infringement of the '514 Patent and declaratory judgment of the invalidity and/or unenforceability of the '514 Patent. In addition, Defendants RME and RR allege that Plaintiff Green Edge ("GE") and Third-Party Defendants International Mulch Company, Inc. ("IMC") and Michael Miller engaged in unfair competition. RME and RR additionally seek declaratory judgment of non-

infringement and invalidity and/or unenforceability of the trademark RUBBERIFIC MULCH. They further seek declaratory judgment that their words RUBBER MULCH are not confusingly similar to RUBBERIFIC MULCH. RME also alleges breach of contract against GE.

On July 27, 2006, Defendants RME and RR filed a Motion to Compel Michael Miller's Deposition Testimony. According the motion, Defendants' attorneys deposed Mr. Miller on June 1, 2006. However, pursuant to the instruction of Mr. Miller's attorney, he refused to answer questions regarding conversations he had with Plaintiff GE subsequent to a settlement agreement between IMC and GE under "common interest" privilege. RME and RR contend that such privilege does not exist and/or that Mr. Miller waived any such interest. The Court held a motion hearing on September 11, 2006.

Despite Mr. Miller's contention that any answers to questions regarding post-settlement conversations between himself and GE are protected by "common interest" privilege, he has declined to present any legal authority defining the privilege or supporting his argument. However, this Court researched the issue in order to obtain a practicable standard for assessing whether or not "common interest" privilege protects these conversations.

The common-interest doctrine "expands the coverage of the attorney-client privilege in certain situations: 'If two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information regarding the matter, a communication of any such client that otherwise qualifies as privileged … that relates to the matter is privileged as against third persons.'" In Re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 922 (8th Cir. 1997) (quoting Restatement (Third) of the Law Governing Lawyers § 126(1)). In other words, while a client typically waives attorney-client privilege when voluntarily sharing that

2

communication with a third party, no waiver exists "where the third party shares a common interest in the outcome of the litigation and where the communication in question was made in confidence." Lipton Realty, Inc. v. St. Louis Housing Auth., 705 S.W.2d 565, 570 (Mo. App. 1986) (citations omitted). This common interest exists where "the parties have an 'identical (or nearly identical) legal interest as opposed to a merely similar interest.'" J.E. Dunn Constr. Co. v. Underwriters at Lloyd's London, No. 05-0092-CV-W-FJG, slip op. at *1 (W.D. Mo. April 25, 2006) (quoting F.D.I.C. v. Ogden Corp., 202 F.3d 454, 462 (1st Cir. 2000)). In addition, "[t]he common interest must be a legal interest, not a commercial interest." Id. (citations omitted). Although a party may believe that the communications are privileged due to a common interest, "'a client's beliefs, subjective or objective, about the law of privilege,' cannot 'transform an otherwise unprivileged conversation into a privileged one.'" Id. (quoting In Re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 923 (8th Cir. 1997)).

In the instant case, RME and RR correctly state that the party claiming attorney-client privilege "has the burden of establishing the right to invoke its protection." Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985) (citations omitted). The Court finds, however, that Mr. Miller has not met this burden. Mr. Miller asks for a blanket of protection over all conversations subsequent to the settlement with GE without demonstrating how the requested information is protected by common interest privilege within the definition set forth by the Court. Therefore, the undersigned will grant the Motion to Compel.

However, the Court also notes that some of the information may indeed be privileged. Thus, the undersigned will order RME and RR to propound deposition questions to Mr. Miller, who will answer said questions and submit them to the Court for *in camera* review. In conjunction with the submission of the deposition answers, Mr. Miller must present a brief demonstrating how each answer

is or is not protected by the common interest as set forth above.  The Court will then make a determination whether the common interest privilege applies to post-settlement communications.

Finally, because the trial date is one month away, and because the RME and RR represented to the Court that Mr. Miller's testimony regarding these communications is vital to their counterclaims, the undersigned finds that a new trial date is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Rubber Mulch Etc., LLC's and Rubber Resources Ltd. LLP's Motion to Compel Michael Miller's Deposition Testimony [Doc. #171] is **GRANTED** as specified in this Memorandum and Order.  RME and RR shall submit the deposition questions to Mr. Miller no later than **September 26, 2006**, and Mr. Miller shall file the answers and his brief with this Court for *in camera* review no later than **October 11, 2006.**

**IT IS FURTHER ORDERED** that the trial date is reset to **January 22, 2007.** This is a two week docket.


SO ORDERED this 12th day of September, 2007.


            /s/ Terry I. Adelman
           UNITED STATES MAGISTRATE JUDGE