UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.    4:02CV566TIA |
| ) | |
| RUBBER MULCH ETC., LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| AND RELATED CLAIMS ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Rubber Mulch Etc., LLC and Rubber Resources Ltd.'s Motion for Summary Judgment. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Facts**

This case involves the validity of a trademark for RUBBERIFIC MULCH and a patent for synthetic mulch ('514 patent), which consists of shredded rubber coated with a durable colorant substance.[1] On October 1, 1997, inventors Lee Greenberg and Judy Smith, who are also members of Plaintiff Green Edge Enterprises, LLC ("Green Edge"), applied for United States Patent No. 5,910,514 ('514 patent) for "synthetic mulch." (Plaintiff's Response to Defendants' Joint Statement of Uncontroverted Facts and Statement of Additional Facts ("Pl. Facts"), ¶ 5) On June 10, 1998, the Patent Office examiner initially rejected the '514 patent claims, finding that claims 1-7 were indefinite for failing to particularly point out and distinctively claim the subject matter which applicant regards as the inventions. The term "look like" made the invention indefinite because there was no definition

---

[1] Unless otherwise noted, the facts set forth by the Court are undisputed.

for a natural mulch. (Def. Appendix A, Defendants' Statement of Uncontroverted Facts ("Def. Facts"), ¶ 4) In response, Green Edge filed an Amendment on October 6, 1998, which modified some terms in the application. (Pl. Facts, ¶ 7) However, they did not amend claims 1 and 4 to eliminate all references to the term "look like." (Def. Facts, ¶ 13)

On June 8, 1999, the PTO issued the '514 Patent, which abstract states:

> The present invention relates to synthetic wood chips and methods for making the same. The synthetic wood chips are made from rubber particles, such as ground up tires, and a colorant which colors the rubber particles to look like natural mulch. The synthetic mulch is available in a wide variety of shapes and sizes, however, it is preferred for the synthetic mulch to look like wood chips, tree bark, or pea gravel.

(Def. Exh. C) The Detailed Description specifies that this synthetic mulch "is especially desirable because it is designed and dimensioned to look like natural mulch so that it has an attractive appearance." (Def. Exh. C) In addition, "it functionally holds moisture in soil covered by the mulch, prevents weed growth, is not hazardous, does not attract insects, and provides protection for roots." (Def. Exh. C) The use of rubber is preferred because it is easily covered with water based acrylic colorant "which is especially desirable for use with the rubber chips because a synthetic mulch is formed which has a natural look and which does not lose its coloration with the passage of time." (Def. Exh. C) Further, the most preferred water based acrylic systems are "sold under the name 'VISICHROME', by Futura Coatings, Inc. of Hazelwood, Mo. (Def. Exh. C)

Claim 1 of the '514 Patent claims:

> 1. A synthetic mulch material sized, shaped, and colored to imitate a natural mulch, wherein said synthetic mulch is comprised of:
>
> a) a plurality of rubber particles, with the rubber

> selected from the group consisting of natural polymers and synthetic high polymers, with said rubber particles having an outer surface designed and dimensioned to look like natural mulch selected from the group consisting of pea gravel, wood chips, and tree bark, and a length ranging between about 1/16 inch and about 8 inches and a width ranging between about 1/16 inches and about 2 inches; and,
>
> b) an amount of water based acrylic colorant added in an amount equal to between about 3% and about 10% by weight of said rubber particles, with said colorant coating said rubber particles thereby forming said synthetic mulch.

(Def. Exh. C)

On March 18, 1994, Jakubisin, the '172 patent, was filed, and the PTO issued said patent on August 6, 1996. (Def. Exh. D) The patent abstract states that the invention is "[r]ubber slivers which are encapsulated within a protective, decorative film of weather-resistant and color-fast resin are used as unconsolidated fall zone material around and under playground equipment." (Def. Exh. D) These rubber slivers include "fragments produced by shredding, milling, buffing and comminution of used rubber tires . . ." (Def. Exh. D) The colorant "predominantly contains water as a solvent and/or dispersing agent." (Def. Exh. D)

In 1996, Terry Harris and his wife started Rubber Wholesalers, which produces and sells colorized rubber ground cover for landscaping and playgrounds. (Def. Exh. 3, p. 1) Mr. Harris describes this mulch as "a colored rubber mulch made to replace traditional mulch materials." Id. The mulch consists of pieces of rubber tires, is available in a rainbow of colors, and has a bark-like appearance. (Def. Exh. 3, pp. 2-3) The ground cover that Rubber Wholesalers manufactures today is identical to that manufactured in 1996. (Def. Exh. 3, p. 3)

In 2000, Plaintiff Green Edge gave International Mulch an exclusive license to use the '514 patent in all of the continental United States, except Texas and Nebraska. (Pl. Facts, ¶ 8) In 2005, Green Edge granted International Mulch an exclusive license to use the '514 patent in the continental U.S., except in Texas and a portion of Nebraska, for which territories International Mulch received a non-exclusive license. (Pl. Facts ¶ 8) Since the time of its inception and license with Green Edge, International Mulch has manufactured synthetic colored mulch according to the '514 patent, selling the mulch as "RUBBERIFIC MULCH™" and "NuPlay™." (Pl. Facts ¶¶ 9, 10) "RUBBERIFIC MULCH™" products are available in Earthtone, Redwood, Cedar, Cypress, Grass Green, Forest Green, Caribbean Blue, and Classic Black, and "NuPlay™" products come in Earthtone, Redwood, Grass Green, Forest Green and Caribbean Blue. (Pl. Facts ¶¶ 11, 12)

After two years of experimentation, the water based acrylic system for coloring rubber was developed by Futura in 1997, and Futura was not aware of another water based acrylic colorant system on the market prior to developing one with Mr. Greenberg and Ms. Smith. (Pl. Facts ¶¶ 25, 26; Def. Facts ¶ 17) In a letter dated July 29, 1999 to Mr. Greenberg, Jeff Jarboe, Sales Manager of Futura Coatings, used the name "VISICHROME" for the colorant system. (Pl. Facts ¶ 28) Futura held the exact formulation of the coating products as proprietary and never disclosed the formulation to Mr. Greenberg or Ms. Smith. (Pl. Facts ¶ 34; Def. Facts ¶¶ 20, 21)

On January 10, 2005, Plaintiff filed its First Amended Complaint, alleging patent infringement against Defendants Rubber Mulch Etc., LLC ("Rubber Mulch"), Groundscape Technologies, LLC ("Groundscape"), and Rubber Resources, Ltd., LLLP ("Rubber Resources"). Plaintiff also alleges common law trademark and service mark infringement and unfair competition; trademark and service mark dilution under Missouri law; false designation of origin, false description and dilution; and

breach of contract against Rubber Mulch. In response, the Defendants seek declaratory judgment of non-infringement of the '514 Patent and declaratory judgment of the invalidity and/or unenforceability of the '514 Patent. In addition, Defendants Rubber Mulch and Rubber Resources allege that Plaintiff Green Edge and Third-Party Defendants International Mulch Company, Inc. ("International Mulch") and Michael Miller engaged in unfair competition. Rubber Mulch and Rubber Resources additionally seek declaratory judgment of non-infringement and invalidity and/or unenforceability of the trademark RUBBERIFIC MULCH. They further seek declaratory judgment that their words RUBBER MULCH are not confusingly similar to RUBBERIFIC MULCH. Rubber Mulch also alleges breach of contract against Green Edge.

On May 15, 2006, Rubber Mulch and Rubber Resources filed a Motion for Summary Judgment seeking a declaration that they are not liable for infringement of the '514 patent and that the patent is invalid. Plaintiff Green Edge responds that the '514 patent is valid and that Defendants' claims to the contrary must fail.

**Standard for Ruling on Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995). The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy

and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (1986) (quoting Fed. R. Civ. P. 1).

The initial burden of proof is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e).

Under 35 U.S.C. § 282, "[a] patent shall be presumed valid." "To overcome this presumption of validity, the party challenging a patent must prove facts supporting a determination of invalidity by clear and convincing evidence." Schumer v. Laboratory Computer Sys., Inc., 308 F.3d 1304, 1315 (Fed. Cir. 2002) (citations omitted); see also Apple Computer, Inc. v. Articulate Sys., Inc., 234 F.3d 14, 20 (Fed. Cir. 2000) (citation omitted) ("Summary judgment of invalidity, therefore, must be predicated on facts established by clear and convincing evidence.").

**Discussion**

Rubber Mulch and Rubber Resources first argue that the '514 patent is invalid because it was anticipated and/or made obvious by prior art. With regard to anticipation, U.S.C. § 102(a) provides, "[a] person shall be entitled to a patent unless the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the

6

invention thereof by the applicant for patent[.]" Subsection (b) states, "[a] person shall be entitled to a patent unless the invention was patented or described in a printed publication in this or a foreign country or in a public use or on sale in the country, more than one year prior to the date of the application for patent in the United States[.]" 35 U.S.C. § 102(b). Whether a patent is anticipated is a question of fact. Schumer, 308 F.3d at 1315 (citing Apple Computer, 234 F.3d at 20)). Further, "[t]he test for determining anticipation is whether the prior art discloses all the elements of the claimed combinations, or their mechanical equivalents, functioning in substantially the same way, to produce the same result." Greening Nursery Co. V. J & R Tool & Mfg. Co., 376 F.2d 738, 740 (8th Cir. 1967). To succeed on its anticipation claim, Rubber Mulch and Rubber Resources must "prove by clear and convincing evidence that every limitation of [Green Edge's] asserted claims was contained, either expressly or inherently, in a single prior art reference." Union Carbide Chem. & Plastics Tech. Corp. v. Shell Oil Co., 308 F.3d 1167, 1188 (Fed. Cir. 2002).

Rubber Mulch and Rubber Resources argue that the claims of the '514 patent are identical to the product described in the '172 patent. Upon review of Green Edge's claim chart, submitted as Defendants' Appendix B, the undersigned finds that summary judgment is not warranted.[2] While Rubber Mulch and Rubber Resources has shown some similarities between the '172 patent and the '514 patent, anticipation is a question of fact for the jury to determine. Defendants have failed to clearly and convincingly demonstrate that Plaintiff's product which "imitates natural mulch" is the equivalent of "unconsolidated, loose-fill fall zone material." (Def. App. D) Further, a jury could find

---

[2] The undersigned is aware of the pending Motion to Strike Plaintiff's claim chart submitted as Exhibit 17, the Callan Declaration, Exhibit 11, and portions of affidavits from Lee Greenberg, Judy Smith, and Cindy Miller in response to the Motion for Summary Judgment. The undersigned will address these issues, if necessary, prior to trial.

7

differences between the functions and the manufacturing of the products.

With regard to Defendants' claim that Rubber Wholesalers' product, along with products from We-Shred-It and Perfect Mulch, was known and used by others prior to October 1, 1997, the undersigned finds that this issue is also for a jury to determine, as the parties have produced conflicting evidence on the issue. Despite Defendants' argument to the contrary, the declarations from Harris, Funk, and Javorek are not sufficiently corroborated at this time. (Def. Exhs. 1, 2, 3) According to Schumer v. Laboratory Computer Sys., Inc., "testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory." 308 F.3d 1304, 1315-1316 (Fed. Cir. 2002). Further, testimony that "relates to prior invention and is from an interested party . . . must be corroborated." Id. at 1316 (citations omitted). The newspaper article, photos, invoices, and advertisements/sales information do not demonstrate by clear and convincing evidence that the alleged prior art contained each and every limitation. (See Def. Exhs. 1, 2, 3 and attached Exhibits) For instance, a jury could conclude that the prior art did not anticipate the water based acrylic colorant system or a rough, bark-like texture to imitate natural mulch. Thus, summary judgment is not warranted on the issue of anticipation.

The undersigned also finds that Rubber Mulch and Rubber Resources have not shown that summary judgment is warranted on their obviousness claim. "A patent claim is invalid 'if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Union Carbide Chem. &

8

Plastics Tech. Corp. v. Shell Oil Co., 308 F.3d 1167, 1187 (Fed. Cir. 2002) (quoting 35 U.S.C. § 103(a)). The party seeking judgment that a patent is obvious must demonstrate "by clear and convincing evidence that the teachings of the prior art would have suggested the claimed subject matter to one of ordinary skill in the art." Id.

"The ultimate determination of whether an invention is or is not obvious is a legal conclusion based on underlying factual inquiries including (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the difference between the claimed invention and the prior art; and (4) the objective evidence of nonobviousness." WMS Gaming, Inc. v. International Game Tech., 184 F.3d 1339, 1355 (Fed. Cir. 1999). As previously stated, a patent is presumed valid. 35 U.S.C. § 282. Defendants conclude that, given the prior art in existence when the examiner issued the '514 patent, the patent is invalid. However, the undersigned finds that Defendants have not supported their conclusions with clear and convincing evidence. Defendants rely on their uncorroborated claim chart to support their argument. (Def. App. B) Further, the Declarations of Lee Greenberg and Judy Smith of Green Edge provide that while other synthetic mulch products were available, they did not resemble natural mulch, nor were they colorfast. (Pl. Exhs. 13, 14) Further, they had no knowledge of the manufacturers referenced by Defendants. (Id.) As stated above, a jury should determine whether there are differences between the prior art and the claimed invention, among the other factual inquiries. Therefore, summary judgment is not warranted on Defendants' obviousness argument.

Defendants claims that the '514 patent claims 1 through 4 are invalid due to indefiniteness is also a question for the fact finder at trial. The evidence demonstrates that the Patent Office directed the Plaintiff to amend some of the language. While Defendants claim that the amendments were insufficient, the examiner nevertheless issued the '514 patent. Again, patents are presumed

9

valid, and Defendants' assertion that the '514 patent is invalid for indefiniteness requires clear and convincing evidence absent from their motion. Thus, this is an issue for the jury.

Finally, Rubber Mulch and Rubber Resources claim that the '514 patent is invalid because it does not contain sufficient provisions to enable someone to create the invention. Specifically, Defendants contend that the absence of a description of the colorant formulation invalidates the patent. Green Edge responds that the patent disclosed the type of coating, a "water based acrylic;" the trade name, "VISICHROME;" and the manufacturer, "Futura Coatings, Inc. of Hazelwood, Mo." (Def. App. C)

Under 35 U.S.C. § 112, paragraph 1, "[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same . . ." The presumption that a patent is valid "includes a presumption that the patent complies with § 112." National Recovery Tech., Inc. v. Magnetic Separation Sys., Inc., 166 F.3d 1190, 1195 (Fed. Cir. 1999). "'Invalidity for lack of enablement is a conclusion of law and must be supported by facts proved by clear and convincing evidence . . .'" Id. (quoting Northern Telecom, Inc. V. Datapoint Corp., 908 F.2d 931, 941 (Fed. Cir. 1990)).

Section 112 demands that the patent specification must provide sufficient teaching such that one skilled in the art could make and use the full scope of the invention without undue experimentation." Warner-Lambert Co. v. Teva Pharmaceuticals USA, Inc., 418 F.3d 1326, 1337 (Fed. Cir. 2005) (citations omitted). In determining enablement, factual considerations include:

> (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the

10

> prior art, (6) the relative skill of those in the art, (7) the predictability
> or unpredictability of the art, and (8) the breadth of the claims.

Id. (quoting In re Wands, 858 F.2d 731, 737 (Fed. Cir. 1988)). In addition, "'[t]he enablement requirement is met if the description enables any mode or making and using the invention.'" Invitrogen Corp. V. Clontech Lab. Inc., 429 F.3d 1052, 1071 (Fed. Cir. 2005) (quoting Johns Hopkins Univ. v. CellPro, Inc., 152 F.3d 1342, 1361 (Fed. Cir. 1998)).

According to Rubber Mulch and Rubber Resources, no one reading the patent description could reproduce the invention without several years of experimentation to formulate a water-based acrylic colorant. Defendants' expert, William C. Floyd, reported that the patent does not disclose a key attribute for providing adhesion; that achieving acceptable adhesion and durability with unmodified, one-component water based acrylic paints would not be possible without experimentation; and that the term "acrylic" is too broad and generic to enable one to practice the claimed invention. (Def. Exh. 9) Plaintiff answers that a person skilled in the art had sufficient guidance because such person could obtain the colorant by asking Futura for its water based acrylic coloring system for coloring rubber, as it had only one such colorant. While Defendants assert that Futura has no coating called "VISICHROME," they have failed to submit clear and convincing evidence that a person cannot obtain a water based acrylic colorant from Futura in lieu of the years of experimentation Defendants' assert would be required. Further, there is no indication that, nearly ten years after the issuance of the '514 patent, any experimentation to recreate the colorant would be unduly extensive. See National Recovery, 166 F.3d at 1196. Therefore, the undersigned concludes that genuine issues of material fact exist on Defendants' enablement claim. In sum, the Court finds that summary judgment in favor of Defendants is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Rubber Mulch Etc.'s and Rubber Resources Ltd.'s Motion for Summary Judgment [Doc. #123] is **DENIED**.

Dated this  10th   day of January , 2007

                                                  /s/ Terry I. Adelman  
                                            UNITED STATES MAGISTRATE JUDGE