UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.    4:02CV566TIA |
| ) | |
| RUBBER MULCH ETC., LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| AND RELATED CLAIMS ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Third-party Defendants International Mulch's and Michael Miller's Motion for Summary Judgment on Counts III and IV of the First Amended Counterclaim. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Facts**

This case involves the validity of a trademark for RUBBERIFIC MULCH and a patent for synthetic mulch ('514 patent), which consists of shredded rubber coated with a durable colorant substance.[1] On March 19, 2001, counterclaim defendant Green Edge Enterprises was granted Registration No. 2,665,542 for the trademark RUBBERIFIC MULCH, which was recorded in the U.S. Patent and Trademark Office. Green Edge assigned the trademark to International Mulch Company, with July 26, 2002 as the effective date of assignment.[2] (Decl. William D. O'Neill, ¶ 3) Green Edge cited October 31, 1995 as the date of first use but later claimed that the actual date of

---

[1] Unless otherwise noted, the facts set forth by the Court are undisputed.

[2] Rubber Mulch ETC., LLC ("Rubber Mulch") and Rubber Resources, Ltd., LLLP ("Rubber Resources") contest this fact; however, they have produced no evidence refuting Mr. O'Neill's declaration or the attached trademark documents.

first use was October 31, 1997.[3]  International Mulch filed an amendment with the U.S. Patent and Trademark Office, requesting a change in the records to correct the date of first use and first use in commerce.  (O'Neill Decl., ¶ 5)  The U.S. Patent and Trademark Office subsequently changed its records to reflect the correct date of first use and first use in commerce and has issued a corrected registration certificate.  (O'Neill Decl., ¶ 7)

On January 10, 2005, Plaintiff Green Edge filed its First Amended Complaint alleging common law trademark and service mark infringement and unfair competition; trademark and service mark dilution under Missouri law; and false designation of origin, false description and dilution by Rubber Mulch.  (First Amended Complaint, Counts II, III, and IV)  Green Edge seeks damages and injunctive relief preventing the use of any trademark or name that might be confusingly similar to its trademark, RUBBERIFIC MULCH.  (First Amended Complaint, Request for Relief)  Despite Green Edge's trademark infringement claims, International Mulch claims that it owns the mark "RUBBERIFIC MULCH."  (Hoekel Decl. Exh. A)

On February 11, 2005, Jennifer Hoekel, counsel for International Mulch, issued a letter to Rubber Mulch demanding that it cease and desist trademark use of the mark RUBBER MULCH. (Decl. of Jennifer Hoekel, ¶ 3; Exh. B)  She specifically stated that the "use of RUBBER MULCH (1) is confusingly similar to our client's use of RUBBERIFIC MULCH, (2) is likely to confuse the public as to the source, affiliation, and/or sponsorship of your product, and (3) will cause substantial damage to our client and its good will."  (Hoekel Decl. Exh. A)  Ms. Hoekel added that the use of RUBBER MULCH constituted trademark infringement and unfair competition.  (Hoekel Decl. Exh. A)

---

[3] Counterclaim Plaintiffs Rubber Mulch and Rubber Resources contest this fact, claiming that Plaintiff began showing the synthetic mulch to prospective investors in 1995. (Exh. A, p. 42, line 4 - p. 44, line 24)

In a reply letter dated February 15, 2007, Ron Foster, counsel for Rubber Mulch, stated that Ms. Hoekel was "incorrect regarding 'Rubber Mulch' being on the bags that will be distributed nationwide through each of the Lowe's stores." (Hoekel Decl. Exh. B). Counsel further stated that "it does not agree to cease using the term 'Rubber Mulch' in association with its rubber mulch product. . . . [T]he words rubber mulch are descriptive of the product in question."[4] (Hoekel Decl. Exh. B) Rubber Mulch counsel added that "your client may be a necessary party in the suit between Green Edge and Rubber Mulch since your client claims to hold an interest in the Rubberific Mulch mark that Green Edge is also asserting an interest in regarding a claim for trademark infringement." (Hoekel Decl. Exh. B)

Ms. Hoekel responded on March 21, 2005, requesting that Mr. Foster send her a sample of the product packaging and stating that "[i]f the bag is as you represent, my client's concerns may be alleviated." (Hoekel Decl. Exh. C) She concluded by stating that her client would continue enforcing its rights in the mark. (Id.) After this date, neither International Mulch Company nor its counsel sent any further letters to Rubber Mulch, Rubber Resources, or its counsel. (Hoekel Decl. ¶¶ 8-11) Ms. Hoekel did not contact Rubber Resources regarding possible trademark infringement; however, Rubber Resources manufactures and sells colorized rubber particles for the purpose of mulch and advertises said product with trademarks and service marks that include the term RUBBER MULCH. (Decl. Dale Hawker, ¶¶ 2-3)

On June 28, 2005, Defendant/Counterclaim Plaintiffs Rubber Mulch and Rubber Resources filed a First Amended Counterclaim. Counts III and IV are against Counterclaim Defendants

---

[4] Because Rubber Mulch contests International Mulch's interpretation of this letter, the Court has elected to quote the language, which does not appear to be ambiguous or confusing.

3

International Mulch and Michael Miller. Count III seeks declaratory judgment that defendants are not infringing on International Mulch's registered trademark RUBBERIFIC MULCH. Count IV seeks declaratory judgment that International Mulch's registered trademark RUBBERIFIC MULCH is invalid and/or unenforceable. On May 15, 2006, Counterclaim Defendants filed a Motion for Summary Judgment on Counts III and IV, claiming that summary judgment is warranted because there is no case or controversy. Alternatively, they assert that Defendants cannot prove that the trademark is invalid or unenforceable. Defendants/Counterclaim Plaintiffs disagree, alleging that a case or controversy does exist and that there is a factual basis on which to conclude that Green Edge, at International Mulch's insistence, fraudulently amended the trademark registration so that it would not invalidate the '514 patent.

**Standard for Ruling on Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995). The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (1986) (quoting Fed. R. Civ. P. 1).

The initial burden of proof is placed on the moving party to establish the non-existence of any

genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324.

## Discussion

### Case or Controversy

In the motion for summary judgment, Counterclaim Defendants International Mulch and Michael Miller (collectively "International Mulch") assert that they are entitled to judgment as a matter of law because there is no case or controversy for the Court to issue declaratory judgment. The undersigned finds that summary judgment in favor of International Mulch is warranted on Counts III and IV of the Amended Counterclaim.

The plaintiff bears the burden of establishing subject matter jurisdiction in a declaratory judgment action. McKee Foods Kingman v. Kellogg Co., __ F. Supp. 2d __, 2006 WL 4045920 at *3 (E.D. Tenn. Dec. 29, 2006) (citation omitted). "To establish declaratory judgment jurisdiction,

a plaintiff must show that (1) it has a real and reasonable apprehension of litigation, and (2) it has engaged in a course of conduct which brought it into conflict with the declaratory defendant." Capital One Fin. Corp. v. Drive Fin. Servs, L.P., 434 F. Supp. 2d 367, 372 (E.D. Va. 2006) (citing Windsurfing Int'l Inc. v. AMF, Inc., 828 F.2d 755, 757 (Fed. Cir. 1987)). "'The defendant must have engaged in conduct giving rise to a reasonable apprehension on plaintiff's part that it will face … suit or the threat of one if it commences or continues the activity in question.'" Trippe Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 627 (7th Cir. 1995) (quoting International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210 (7th Cir. 1980)). This inquiry focuses on the defendant's statements and conduct because "'apprehension alone, if not inspired by defendant's actions, does not give rise to an actual controversy.'" Id. The Trippe case, upon which International Mulch heavily relies, involved a letter stating that the plaintiff's use of the term "backups" was an infringement of defendant's trademark. Id. The court noted that the plaintiff categorically denied any infringement and that defendant did not respond or further accuse plaintiff of infringement. Id. Based upon the totality of the circumstances, the court held that plaintiff's response to defendant's letter did "not evidence a reasonable apprehension on [plaintiff's] part that it would face suit or the threat of suit if it continued in the questioned activity." Id.

With regard to Rubber Resources, it has not demonstrated a case or controversy sufficient to establish declaratory judgment jurisdiction, as it cannot satisfy the first prong. International Mulch did not send a "cease and desist" letter to Rubber Resources alleging trademark infringement. Indeed, Rubber Resources merely states that it uses the mark RUBBER MULCH and that it is entitled to a determination of who owns the mark and who is entitled to enforce it. This is insufficient to demonstrate a case or controversy under the legal principles set forth above. See Trippe, 46 F.3d

6

at 627 (mere apprehension, absent some action on the part of defendant, does not give rise to an actual controversy) Therefore, because Rubber Resources cannot satisfy the first prong, International Mulch is entitled to summary judgment against Rubber Resources on Counts III and IV. See Windsurfing Int'l, Inc. v. AMF Inc., 828 F.2d 755, 758 (Fed. Cir. 1987) (both prongs must be satisfied to demonstrate that an actual case or controversy exists in a declaratory judgment action).

With regard to Rubber Mulch, however, International Mulch sent a cease and desist letter accusing Rubber Mulch of trademark infringement and setting forth the elements of an infringement claim. Specifically, International Mulch stated that the use of RUBBER MULCH was confusingly similar to International Mulch's use of RUBBERIFIC MULCH and that such use was likely to confuse the public. (Hoekel Decl. Exh. A) The "'hallmark of any trademark infringement claim'" is the "likelihood of consumer confusion." Minnesota Min. & Mfg. Co. v. Rauh Rubber, Inc., 130 F.3d 1305, 1308 (8th Cir. 1997) (quoting Polymer Tech. Corp. v. Mimran, 37 F.3d 74, 80 (2d Cir. 1994)). In addition, International Mulch stated that Rubber Mulch's use "constitutes trademark infringement and unfair competition under the federal Lanham Act and under state law." (Hoekel Decl. Exh. A) To avoid such confusion, International Mulch demanded that Rubber Mulch cease and desist from all further use of RUBBER MULCH. (Id.)

The Court finds that the totality of the circumstances in this case demonstrate a real and reasonable apprehension of litigation on the part of Rubber Mulch. See Plumtree Software, Inc. v. Datamize, LLC, 473 F.3d 1152, 1159 (Fed. Cir. 2006) (citation omitted) (courts look to the totatlity of the circumstances in determining the first prong is met). Not only did International Mulch set forth the elements of a trademark infringement claim and notify Rubber Mulch of the alleged infringement, but Rubber Mulch's response indicated that it would not cease to use the term rubber mulch in

connection with its product. (Hoekel Decl. Exh. B) In addition, Rubber Mulch argued that "rubberific and rubber are not confusingly similar." (Id.) Unlike the plaintiff in Trippe, Rubber Mulch's response letter was not a categorical denial but rather a detailed declaration of its disagreement with International Mulch's trademark infringement allegations. (Id.)

Further, unlike Trippe, International Mulch responded to Rubber Mulch's denial of any infringement by requesting a representative sample of the bag, stating that "[i]f the bag is as you represent, my client's concerns **may** be alleviated." (Hoekel Decl. Exh. C) (emphasis added) It further indicated that it "will continue enforcing its rights in the Rubberific Mulch® mark." (Id.) The undersigned finds that the correspondence between the parties left the door open for a possible lawsuit. Indeed, although International Mulch did not send any additional letters after March 21, 2005, the language in all three relevant letters created a reasonable apprehension of an infringement suit sufficient to satisfy the first prong of the existence of a case and controversy. See McKee Foods Kingman v. Kellogg Company, ___ F. Supp. 2d ___, 2006 WL 4045920 at *4-*5 (E.D. Tenn. Dec. 29, 2006) (finding that the express accusations of infringement in conjunction with a veiled threat of suit was sufficient to show that the plaintiffs were under a reasonable apprehension of liability).

However, in order to satisfy the case or controversy requirement for declaratory judgment jurisdiction, Rubber Mulch must satisfy both prongs of the test. Windsurfing Int'l Inc. v. AMF Inc., 828 F.2d 755, 758 (Fed. Cir. 1987). Rubber Mulch has failed to sufficiently demonstrate that it has engaged in a course of conduct which brought it into conflict with International Mulch. International Mulch's first letter indicated that the use of the mark RUBBER MULCH constituted trademark infringement. (Hoekel Decl. Exh. A) International Mulch asserts, however, that it does not take issue with Rubber Mulch's use of the term "rubber mulch" in a descriptive manner. Further, Rubber

8

Mulch's letter indicates its unwillingness to cease using the **term** in association with its rubber mulch product, as the words rubber mulch are descriptive of the product. (Hoekel Decl. Exh. B) (emphasis added). International Mulch's second letter states that its concerns may be alleviated if the Rubber Mulch ETC bags distributed nationwide did not contain the "Rubber Mulch" mark. (Hoekel Decl. Exh. C) In addition, Rubber Mulch merely states in its Response that it uses and intends to continue using the term RUBBER MULCH. (Opposition to Motion for Summary Judgment, Doc. # 144, p. 2)

The Court finds that this does not satisfy the second prong of the case or controversy test because Rubber Mulch has not demonstrated that it "had a definite intent and apparent ability to commence use of its mark. A case and controversy exists in a trademark case where a party has engaged in a course of conduct demonstrating a 'definite intent and apparent ability to commence use' of the trademark." Capital One Fin. Corp. v. Drive Fin. Servs., L.P., 434 F. Supp. 2d 367, 372 (E.D. Va. 2006) (quoting Virgin Enters. Ltd. v. Virgin Cuts, Inc., 149 F. Supp. 2d 220, 227 (E.D. Va. 2000)). As stated previously, Rubber Mulch's letter and its brief in response to the summary judgment motion merely indicates its intent to continue using the term rubber mulch, which it asserts is descriptive of the product in question. (Hoekel Decl. Exh. B) Indeed, the only evidence that Rubber Mulch presents regarding the use of RUBBER MULCH as a mark is from the Dale Hawker, the president of Rubber Resources, not Rubber Mulch. Thus, Rubber Mulch cannot satisfy the second prong to demonstrate that a case or controversy exists, as there is no indication that Rubber Mulch used or intends to use RUBBER MULCH as a trademark. See Windsurfing Int'l Inc. v. AMF Inc., 828 F.2d 755. 758 (8th Cir. 1987) (absent a combination of the use of the mark and threats or suits, the legal interests of the parties are not adverse to create jurisdiction). Therefore, International

9

Mulch is entitled to summary judgment with regard to the declaratory judgment action filed in Counts III and IV by Rubber Mulch.

**Validity of the RUBBERIFIC MULCH Trademark**

While International Mulch is entitled to summary judgment because neither Rubber Mulch nor Rubber Resources has demonstrated a case or controversy, it is worth noting that, with regard to Rubber Mulch's allegations that the trademark is invalid or unenforceable due to fraud, it has presented no evidence in support. Instead, Rubber Mulch points to Green Edge's alleged fraudulent activity and baldly asserts that International Mulch knew of such activity. As stated above, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). Counterclaim Plaintiffs have failed to meet this burden with respect to International Mulch, and, therefore, even if a case or controversy existed, Rubber Mulch would not be entitled to declaratory judgment on its claim that the trademark is invalid and/or unenforceable.[5]

Accordingly,

**IT IS HEREBY ORDERED** that International Mulch's and Michael Miller's Motion for

---

[5] In its conclusion, Rubber Mulch refers to its more detailed "concurrently filed Opposition" as support for a conspiracy to use a questionable trademark. However, that Opposition refers to a separate issue, separate count, and separate motion for summary judgment not now before this Court. The Court is not required to read between the lines of an unsupported response to a motion for summary judgment and formulate an argument on behalf of Rubber Mulch.

Summary Judgment on Counts III and IV of the First Amended Counterclaim (Doc. #126) is **GRANTED**.

                                                         /s/ Terry I. Adelman
                                     UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of March, 2007.