UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:02CV566TIA |
| ) | |
| RUBBER MULCH ETC., LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| AND RELATED CLAIMS ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff/Counterclaim Defendant Green Edge Enterprises, LLC's Motion for Summary Judgment on Count VI of Defendant/Counterclaim Plaintiff Rubber Mulch ETC., LLC's First Amended Counterclaim. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

This action is based on allegations by Plaintiff Green Edge Enterprises, LLC ("Green Edge") against Defendant Rubber Mulch ETC., LLC ("Rubber Mulch") of patent infringement under U.S.C. Title 35, and U.S.C. Title 15; trademark and service mark infringement and unfair competition under common law and Missouri law; trademark and service mark dilution under Missouri law; false designation of origin, false description and dilution under U.S.C. Title 15; and breach of contract under Missouri law. (Plaintiff's First Amended Complaint)

According to the First Amended Complaint, Rubber Mulch received from Green Edge, through an agreement, a limited license for use of United States Patent No. 5,910,514 (patent '514) for the length of time that the Agreement remained in effect. The Agreement limited Rubber Mulch's

use of Green Edge's trademarks and trade dress to a limited purpose and time, and in a limited geographic area. The Agreement bound Rubber Mulch to buy colorant and other related materials from Green Edge and to pay royalties to Green Edge for all materials sold, donated or otherwise distributed.

According to the First Amended Complaint, Rubber Mulch purchased colorant and/or other materials from a source other than Green Edge. Rubber Mulch also failed to make timely royalty payments as required under the Agreement. Upon learning these facts, Green Edge then terminated the Agreement. Green Edge also demanded that Rubber Mulch cease and desist their use of all patents, trademarks, services marks and logos belonging to Green Edge. Green Edge alleges that Rubber Mulch is continuing to manufacture, shop, sell and/or offer for sale the patented mulch in the United States. (Plaintiff's First Amended Complaint)

In response, Rubber Mulch filed its First Amended Counterclaim, asserting, among other things, that Rubber Mulch and Green Edge entered into a contract which gave Rubber Mulch the right of first refusal for the states of Tennessee, Virginia, South Carolina, and Georgia but that Green Edge breached the contract by entering into a licensing agreement with International Mulch which included those same states. (Defendants' First Amended Counterclaim, Count VI)

**Facts**

On May 15, 2006, Green Edge filed a Motion for Summary Judgment on Count VI of Rubber Mulch's First Amended Counterclaim, stating that Rubber Mulch failed to disclose any damages resulting from any alleged breach of contract. (Statement of Undisputed Facts, #1) Attached to the motion are Initial Disclosures of Rubber Mulch (Exh. 1) and Initial Disclosures of Rubber Resources (Exh. 2).

According to Rubber Mulch's statement of material facts, which Green Edge has not explicitly contested, Rubber Mulch propounded document requests regarding sales of synthetic mulch and customer lists to International Mulch. However International Mulch failed to timely produce such documents. Belatedly produced documents indicated sales over $17,000,000.00 from 2001-2005. Future Mulch, which does most of its business in Virginia and other states adjoining North Carolina, purchased rubber mulch from International Mulch from April 9, 2003 through March, 2006. These purchases were in excess of $277,000.00. (Rubber Mulch's Statement of Material Facts Made in Support of Opposition to Green Edge's Motion for Summary Judgment Regarding Counterclaim VI [sic])

## **Standard for Ruling on Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995). The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (1986) (quoting Fed. R. Civ. P. 1).

The initial burden of proof is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v.

Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324.

## Discussion

After review of the pleadings pertaining to the motion for summary judgment, the undersigned finds that Green Edge's motion should be denied. To prevail on a breach of contract claim, the plaintiff must show: "(1) the making and existence of a valid an enforceable contract between the parties; (2) [the plaintiff's] rights and [the defendant's] obligations under the contract; (3) a breach; and (4) resulting damages." Family Snacks of North Carolina v. Prepared Products Co., 295 F.3d 864, 867 (8th Cir. 2002) (citation omitted).

Green Edge maintains that Rubber Mulch has failed to disclose any evidence of damages under Federal Rule of Civil Procedure 26(a)(2)(C), and therefore, Green Edge is entitled to judgment as a matter of law. Rubber Mulch, on the other hand, avers that International Mulch failed to timely produce any records regarding its sales which would have allowed Rubber Mulch to calculate

4

damages. (Decl. Ronald Foster)

Green Edge correctly states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use the evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); see also Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). Rubber Resources asserts that it is substantially justified due to Green Edge's discovery abuses.

Review of the history of this case reveals delays by **all** parties involved in the litigation. The case has been pending for nearly 5 years. The Court has issued several Case Management Orders and has entertained numerous discovery motions. Thus, the Court finds that Rubber Mulch has demonstrated substantial justification for not previously disclosing damages. In its Response, Rubber Mulch demonstrates that it can present evidence of sales by International Mulch resulting from Green Edge's alleged breach. (Exhs. B, C) The Court finds that this is sufficient to overcome Green Edge's motion for summary judgment for failure to disclose damages.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Green Edge Enterprises, LLC's Motion for Summary Judgment on Count VI of Defendant Rubber Mulch ETC., LLC's First Amended Counterclaim [Doc. #139] is **DENIED.**

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of March, 2007.

---

[1] If, however, Green Edge believes that Rubber Mulch cannot establish damages at trial, Green Edge may present such argument in a Motion in Limine for the Court's review.