UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:02CV566TIA |
| ) | |
| RUBBER MULCH ETC., LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| AND RELATED CLAIMS ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Rubber Resources' Motion for Green Edge and International Mulch to Show Cause Why Certain Documents Should be Designated Confidential – Attorney's Eyes Only. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On May 2, 2008, Rubber Resources, Ltd. LLLP ("Rubber Resources"), filed the present motion requesting that Green Edge and International Mulch show cause why certain, specified documents should be designated confidential. Rubber Resources requests that this Court order that the documents be re-designated as non-confidential and not subject to this Court's Protective Order. Rubber Resources' motion is in response to this Court's April 21, 2008 Memorandum and Order, [Doc. #250], requiring Rubber Resources to file a motion regarding disclosure of allegedly proprietary information for use in mediation.

The undersigned has reviewed Rubber Resources' motion, along with the response and reply thereto. Although Rubber Resources questions the reasoning behind Green Edge and International Mulch's designation as confidential, Rubber Resources never explains to the Court why this

designation would hinder Rubber Resources' ability to mediate its claims in good faith. Indeed, counsel for Rubber Resources has the documents in his possession and has filed such documents under seal. Further, International Mulch has agreed to remove the confidential designation from one of the disputed documents, the Settlement Agreement and Mutual Release - Bates No. Green Edge 10068-71.

With regard to the other 2 documents, the Memorandum of Agreement and the 2005 License Agreement, the undersigned finds that both contain terms and amounts related to royalty payments, which are proprietary and covered by this Court's Protective Order. The Protective Order, Doc. #92, dated August 2, 2005, contemplates the very documents Rubber Resources attempts to re-designate as non-confidential.[1] The Order further states that "[t]he provisions of this Order regarding the use and/or disclosure of Confidential Information . . . and Confidential-FOR ATTORNEYS EYES ONLY Information shall survive the termination of this action . . ." While the action is not yet terminated, the Order clearly demonstrates that the Protective Order and the use/disclosure of Confidential – For Attorneys Eyes Only remains in full force and effect. Therefore, the undersigned will deny Rubber Resources' motion to show cause. In addition, the undersigned finds that mediation of the remaining claim is appropriate at this time.[2]

---

[1] The first sentence of the Order states, in part, "Whereas, the discovery and pretrial phases of this action may involve disclosure of trade secrets and other confidential and proprietary business, technical and financial information which the parties may contend to be eligible for a protective order under Fed. R. Civ. P. 26(c), the Court **GRANTS** the Parties Joint Motion for Entry of Protective Order [Doc. #90] . . ."

[2] The Court is aware that GroundScape is not a party to any remaining claims and that Rubber Mulch does not intend to further litigate this matter. Therefore, the Court will refer to ADR only the pending claim by Rubber Resources against Green Edge, International Mulch, Lee Greenberg, Judy Smith, and Michael Miller.

Accordingly,

**IT IS HEREBY ORDERED** that Rubber Resources' Motion for Green Edge and International Mulch to Show Cause Why Certain Documents Should be Designated Confidential – Attorney's Eyes Only [Doc. #252] is **DENIED.**

**IT IS FURTHER ORDERED** that the pending claim between Rubber Resources, Green Edge, International Mulch, Lee Greenberg, Judy Smith, and Michael Miller is referred to Alternative Dispute Resolution. An appropriate Order of Referral to ADR is attached hereto.

Dated this  1st  day of July , 2008.

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE