UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:02CV566 TIA |
| ) | |
| RUBBER MULCH ETC. LLC, et al., ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GREEN EDGE ENTERPRISES, LLC, ) | |
| INTERNATIONAL MULCH COMPANY, ) | |
| and MICHAEL MILLER, et al., ) | |
| ) | |
| Counterclaim Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on International Mulch Company's and Michael Miller's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)[1] and Rubber Resources' Cross-Motion for Sanctions. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On May 7, 2009, Counterclaim Defendants International Mulch Company and Michael Miller (collectively "International Mulch") filed the present Motion for Sanctions under Rule 37(c) of the Federal Rules of Civil Procedure. International Mulch contends that "Rubber Resources failed to: (1) request the type of damages it seeks in its amended counterclaim; (2) identify the type or amount of its damages in its Rule 26 disclosures; or (3) identify the type or amount of damages it seeks when

---

[1] On May 8, 2009, Green Edge Enterprises, LLC, Judy Smith, and Lee Greenberg (collectively "Green Edge") filed a Motion in Limine to bar presentation of damages and indicating that Green Edge joined International Mulch's Motion. (Doc. #327)

confronted with a summary judgment motion on the issue and a statement by the Court." (Motion, Doc. #321, p. 2) International Mulch additionally asserts that Rubber Resources has failed to notify International Mulch of its damages theory despite several years and ample opportunities to do so. International Mulch requests sanctions in the form of a Court Order (1) excluding Rubber Resources from introducing any evidence at trial relating to the amount of damages stemming from International Mulch's alleged unfair competition and/or (2) dismissal of this action based on Rubber Resources' lack of damages evidence.

On May 11, 2009, Rubber Resources filed its Opposition to International Mulch's Rule 37 Motion and Cross-Motion for Sanctions. In its opposition, Rubber Resources maintains that the record is replete with information regarding the nature and amount of damages and, additionally, that International Mulch was capable of accessing the statutory damages contained in Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Rubber Resources further claims that International Mulch "blocked and continue[s] to this very day to block the disclosure of information that only they control." (Opposition, Doc. #333, p. 2) As a result of this allegation, Rubber Resources requests that this Court should deny International Mulch's Rule 37 motion, and, instead, preclude International Mulch from introducing at trial any evidence which Rubber Resources requested, and the Court ordered, International Mulch to produce yet failed to turn over. This Court held a hearing on said motions for sanctions on May 11, 2009.

**Discussion**

After consideration of the arguments presented in the motions and responses and at the hearing in open Court on May 11, 2009, the undersigned finds that Rule 37(c) sanctions against Rubber Resources are warranted. Federal Rule of Civil Procedure 26(a)(1)(A)(iii), states "a party

**must**, **without awaiting a discovery request**, provide to the other parties: a computation of each category of damages claimed by the disclosing party . . . ." (emphasis added). Rule 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

The record clearly reflects that Rubber Resources made no such damages disclosure under Rule 26(a). Indeed, International Mulch and Green Edge raised this issue three years ago in their motions for summary judgment on Rubber Resources' unfair competition claim. While the Court found that Rubber Resources' declaration that it could produce evidence of damages was sufficient to overcome the motion for summary judgment, the Court noted that the parties could present a motion in limine prior to trial should the parties believe that Rubber Mulch could not establish damages, sending the message to Rubber Resources that the Court could and would revisit the issue if Rubber Resources did not properly address damages. (<u>Memorandum and Order</u> of July 2, 2007, Doc. #219, p. 8) Nothing in the Court's Order indicated that Rule 26 disclosures regarding damages were not required. Indeed, Rule 26 uses the word "must," not "may."

Nearly two years after that Order, Rubber Resources failed to disclose any information regarding its theory of damages until it filed its trial brief and proposed jury instructions, less than three weeks before trial. Additionally, Rubber Resources continues to decline to provide even an estimated calculation. While the Court found substantial justification for Rubber Resources' failure to previously disclose damages based upon delays in the case, including the necessity to issue several Case Management Orders and resolve discovery disputes, such is not the case at this time, one week before trial.

Rubber Resources further maintains that it has been unable to make any damages disclosures due to the failure of International Mulch to comply with discovery requests and orders of this Court. However, the record does not support Rubber Resources' proposition. On December 29, 2005, counsel for Rubber Resources filed a Motion to Compel Production of Documents and Responses to Interrogatories. (Doc. #104) The motion sought documents pertaining to International Mulch's financial information. After the parties filed their responses, the Court held a hearing on the motion to compel on March 1, 2006. (Doc. #113) During that hearing, counsel for Rubber Resources and International Mulch stated that they had conferred for the first time that morning and that they reached agreement on several of the disputed discovery requests. Most importantly, counsel for Rubber Resources stated to the Court three times that a profit and loss summaries may suffice and that he would be satisfied with such summaries.[2] Accordingly, the Court ordered International Mulch

---

[2] Specifically, during the March 1, 2006 hearing, counsel for Rubber Resources made the following statements:

> "The financial condition and the ability to pay royalties in this industry is at least reasonably calculated to lead to admissible evidence, and on that basis we've asked for some documents. During the meet and confer with Mr. Rabenberger, I had simply proposed that we get a summary of the p & l of International Mulch, and that may be sufficient for what we need to be able to determine how the royalty payments is impacting their ability to operate."
> . . .
> "Mr. Rabenberger raised the burden of producing all of the underlying documents, and that's why I proposed simply a printout of – he acknowledged they had some type of computer data base for their books – how about a printout of merely their profit and loss statements and that may well suffice for what I need."
> . . .
> "Admittedly, the document request tried to be very specific, and accordingly was rather inclusive and that's why I proposed, and I think we can be satisfied with, just summaries of the p & l."

to furnish profit and loss summaries, granting in part and denying in part the Motion to Compel. (Memorandum and Order of March 2, 2006, Doc. #115)

International Mulch complied with the Order, as evidenced by Income Statements and Royalty Reports attached to Rubber Resources Opposition to Green Edge's Motion for Summary Judgment on Counterclaim VI. (Doc. #154) In the three years since the issuance of that Order, Rubber Resources has not filed any other motions to compel financial documents or information, or, until one week before the trial, in any way brought to the Court's attention it needs more financial information to compute damages. Indeed, according to counsel for International Mulch, Rubber Resources has not made any additional formal discovery requests. When the Court questioned counsel for Rubber Resources about raising the "discovery dispute" at the eleventh hour, counsel erroneously reiterated that this Court ordered International Mulch to produce documents and that International Mulch failed and refused to comply with said Order. Counsel was non-responsive with regard to his failure to file a motion to compel or a motion for sanctions during the years subsequent to this Court's Order and prior to trial. However, counsel reversed his earlier position, representing for the first time that the profit and loss summaries were insufficient and, as a result, Rubber Resources could not disclose calculated damages under Rule 26. (Hearing, May 11, 2009)

Rubber Resources also argues that it is unable to discern damages because International Mulch designated its financial information as "Confidential - Attorney's Eyes Only" under the Protective Order. (Doc. #333, pp. 6-7) However, as correctly stated by International Mulch, while officers, directors, employees, and in-house counsel of a party were precluded from viewing the confidential information, "[i]ndependent experts and consultants retained in this action by the parties or by the attorneys of record for this litigation, and the employees of such experts and consultants

wheo are assisting them . . ." may view such information. (Protective Order, Doc. #92, p. 4) That Rubber Resources declined to utilize this provision is not the fault of International Mulch or Green Edge.

Further, while Rubber Resources did file a Motion for Green Edge and International Mulch to Show Cause to Why Certain Documents should be Designated Confidential - Attorney's Eyes Only, the Court notes that it ordered Rubber Resources to file such motion because counsel stated in a status hearing that removal of such designation from certain financial documents would assist with **mediation**. (Memorandum and Order of April 21, 2008, Doc. #250) After the motion was fully briefed by all parties, the undersigned found that the documents did contain proprietary information which was protected under the Protective Order. Most importantly, the Court found that Rubber Resources failed to explain why the confidential designation would hinder its ability to mediate the claim in good faith, especially in light of the fact that Rubber Resources acknowledged that it possessed the financial documents and filed such documents under seal.[3] (Memorandum and Order of July 1, 2008, Doc. #272) Again, the continuing confidential designation did not prevent Rubber Resources from investigating, and ultimately disclosing, its damages theories and computations.

Contrary to Rubber Resources' assertion, Rule 26(a) does not merely require a calculation of damages, but also requires counsel to disclose the theory of damages. See 24/7 Records, Inc. v. Sony Music Entertainment, Inc., 566 F. Supp. 2d 305, 317-18 (S.D.N.Y. 2008) (issuing Rule 37 sanctions where plaintiff failed to make mandatory disclosure of damages theory). However, Rubber Resources argues that the parties are familiar with Section 43(a) of the Lanham Act and the statutory

---

[3] This acknowledgment also belies Rubber Resources argument that International Mulch failed to produce requested financial records.

basis for recovery of damages under Section 35(a) of the Act. Rubber Resources then shifts the focus from its failure to make Rule 26 disclosures to blaming International Mulch and Green Edge for failing to produce requested documents, for designating financial summaries and sales documents as confidential, and for failing to supplement their own disclosures. The undersigned again emphasizes that Rubber Resources never filed appropriate motions to compel pertaining to discovery of financial documents subsequent to the March 2, 2006 Order; never filed appropriate motions for sanctions, if it believed that the Parties were in contempt of that Order; and never filed a motion to clarify or reconsider that Order, if it felt the Order was confusing or failed to provide the requested relief. Absent evidence to the contrary, the Court justifiably assumed that Parties had completed discovery, provided the mandatory disclosures, and were prepared for trial. Subsequent to this Court's July 2, 2007 denial of International Mulch's and Green Edge's Motion for Summary Judgment on the unfair competition claim, the only disputes relating to that claim were the confidential designation of financial documents for use in mediation and a motion for sanctions pertaining to that mediation. (Doc. ## 252, 283)

Rubber Resources had the responsibility and duty under the Federal Rules of Civil Procedure to disclose its theory of damages and a computation[4] under Rule 26, and it failed to do so, thus

---

[4] The undersigned acknowledges that an exact computation is difficult in Lanham Act cases and that the burden of proving damages is relaxed in such actions. See, e.g., Porous Media Corp. v. Pall Corp., 110 F.3d 1329, 1336 (8th Cir. 1997) ("When assessing these actual damages, the district court may take into account the difficulty of proving an exact amount of damages . . ."); Home Builders Ass'n of Greater St. Louis v. L & L Exhibition Management, Inc., No. 4:97CV1905 MLM, 1999 WL 34803788, at *20 (E.D. Mo. Aug. 13, 1999) ("In cases of unfair competition, where the nature of the injury may preclude exact ascertainment of the amount of damages, the plaintiff is entitled to recover upon a showing of the extent of the damages through just and reasonable inference, even though the result may only be an approximation."). While Rubber Resources asserts that the statutory language of Section 35(a) of the Lanham Act and case law have made it clear that "the plaintiff should be given great latitude in his theory of

prejudicing the Counterclaim Defendants International Mulch and Green Edge. Although Rubber Resources contends that the Parties knew his claim was under the Lanham Act, were familiar with its provisions, and could have consulted the statute to determine the theory of damages, these alleged "disclosures" are legally insufficient.

To adopt Rubber Resources argument would render Rule 26 meaningless any time that a party filed an action under a statute with a damages provision. Rule 26(a) contains no disclosure exception where the statutory provisions "are just as accessible" to the defendant as they are to the plaintiff. (Doc. #333, p. 2) Disclosure of damage calculations is mandatory. Hoffman v. Construction Protective Serv., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008). Further, Rule 26(e) states that "[a] party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--**must** supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Rubber Resources stated in its initial disclosures on April 13, 2005, "Defendant seeks damages as proven at trial as well as its reasonable attorneys' fees and costs, and any other reasonable relief that the Court deems appropriate. Defendant cannot calculate this amount at the present time, but will supplement this disclosure as soon as reasonably possible." (International Mulch's Motion for Sanctions, Doc. #321, Exh. A) Rubber Resources never supplemented the disclosures, despite a promise to do in its initial disclosures and despite interrogatories propounded by Green Edge and International Mulch's and Green Edge's summary judgment motions citing failure to disclose as a

---

damages," the cases speak to **proof** of damages and not **disclosure** of damages.

8

basis for their motions.

As stated previously, Rule 37 provides that a party is not allowed to use information not provided under Rule 26(a) or (e) at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "'Rule 37(c)(1) gives teeth to [Rule 26] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.'" Hoffman, 541 F.3d at 1179 (9th Cir. 2008) (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 11001, 1106 (9th Cir. 2001)). Courts consider four factors when determining whether a failure to disclose was justified or harmless: (1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) the prejudice resulting from allowing the evidence; and (4) the availability of a continuance to cure such prejudice. US Salt, Inc. v. Broken Arrow, Inc., No. 07-1988 (RKH/JSM), 2008 WL2277602, at *4 (D. Minn. May 30, 2008) (citing Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994)). Based on the foregoing analysis of the lengthy history of this case, the undersigned finds that Rubber Resources failed to properly disclose the computations for the various categories of damages related to its Lanham Act claims under Rule 26(a)(1)(A)(iii) and is therefore precluded from presenting evidence of damages at trial.

As previously stated, Rubber Resources' attempt to shift the blame to the other parties in this case is an insufficient excuse for its failure to disclose information regarding damages after four years of discovery. In addition, while evidence of damages is critical to Rubber Resources' case in chief, this importance does not outweigh the resulting prejudice to sufficient to warrant justification.

In Hoffman v. Construction Protective Serv., Inc., defendants filed a motion in limine to exclude evidence of undisclosed damages where individual opt-in plaintiff's failed to disclose damages calculations until the pre-trial conference. 541 F.3d at 1178. The court found that Rule 37 sanctions

were appropriate because the plaintiffs' failure to disclose damage calculations mandated by Rule 26(a) was not substantially justified and was not harmless because "later disclosure of damages would have most likely required the court the create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless." Id. at 1179-1180 (citation omitted). The court further reasoned that Rule 37 is an automatic sanction in order to strongly induce the disclosure of material and that the implementation of that sanction was appropriate even where the entire cause of action will be precluded by the sanction. Id. at 1180.

Likewise, the court in CQ, Inc. v. TXU Mining Co., L.P., excluded damages evidence under Rule 37 where CQ failed to provide notice of alternative computations as required by Rule 26. ___ F.3d ___, No. 07-11134, 2009 WL 941498, at *9 (5th Cir. April 9, 2009). In that case, TXU filed a motion in limine to limit evidence of CQ's damages to the amount indicated in an invoice for work performed. Id. CQ argued that the court should allow it to present evidence of various other damages calculations, including expert opinion regarding reasonable royalties to support CQ's quantum meruit claim and other evidence regarding contract damages. Id. The Fifth Circuit Court of Appeals agreed with the district court's finding that CQ failed to properly disclose the computations for various categories of damages and found that the lower court did not abuse its discretion in excluding evidence of undisclosed damages. Id. The court specifically found that "CQ has not offered any justification for its failure to disclose the damages calculations or their underlying evidence . . . [and] given the advanced stage of the litigation, permitting new evidence would not have been harmless." Id.

To the contrary, in Nordictrack, Inc. v. Consumer Direct, Inc., Defendants filed a motion in

limine to prohibit plaintiff from introducing evidence of or making a claim for damages under the Lanham Act as a sanction for discovery abuses. 158 F.R.D. 415, 423 (D. Minn. 1994). Defendants claimed that "'it is impossible to prepare to defend against a claim when the other side won't tell you what it is.'" Id. (quoting Memorandum, at 5). The court denied defendants' motion, however, because plaintiff submitted supplemental responses to interrogatories, outlining the claimed damages and the curative measures, "including the costs that were incurred through corrective advertising, an overall reduction in revenues, and a decrease in the price of Nordic-Track orders. These disclosures have been in the Defendants' possession for nearly one year, mooting their claim of prejudice in preparing a defense." Id.

Here, Rubber Resources made no disclosures of the types of damages it sought until it filed its pre-trial compliance, and even then the parties must read between the lines to glean Rubber Resources' damages claims. Unbeknownst to International Mulch and Green Edge until two weeks ago, Rubber Resources seems to be seeking lost profits, disgorgement of International Mulch's and Green Edge's profits, loss of good will, and treble damages. More troubling, Rubber Resources has not even attempted to provide any calculations, leaving International Mulch and Green Edge subject to "trial by ambush." See Arabian Agriculture Servs. Co. v. Chief Indus., Inc., 309 F.3d 479, 483 (8th Cir. 2002) (finding failure to disclose calculations until trial was not substantially justified or harmless). Unlike Nordictrack, International Mulch and Green Edge have never received an outline of claimed damages. Further, Rubber Resources has not offered any viable justification for failing to provide Rule 26(a) disclosures after four years of discovery. In addition, considering the many years this case has been pending and the fact that it is the "eve of trial," permitting any new evidence would not be harmless. CQ, Inc. v. TXU Mining Co., L.P., ___ F.3d ___, No. 07-11134, 2009 WL

11

941498, at *9 (5th Cir. April 9, 2009).

As stated in Hoffman v. Construction Protective Serv., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), Rule 37 is an automatic sanction in order to strongly induce the disclosure of material and that the implementation of that sanction was appropriate even where the entire cause of action will be precluded by the sanction. The Court therefore finds that Rubber Resources is precluded under Rule 37(c)(1) from presenting any damages evidence at trial for failure to properly disclose "a computation of each category of damages" in accordance with Rule 26(a)(1)(A)(iii) or Rule 26(e)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c) filed by International Mulch Company and Michael Miller, and joined by Green Edge Enterprises, LLC, Judy Smith, and Lee Greenberg, is **GRANTED** consistent with the memorandum above.

**IT IS FURTHER ORDERED** that Rubber Resources, LTD, LLP is precluded from introducing any evidence at trial relating to damages allegedly sustained as a result of International Mulch's and Green Edge's alleged unfair competition.

**IT IS FURTHER ORDERED** that the parties submit in writing no later than noon on May 15, 2009, their positions regarding whether the cause of action may proceed to trial as scheduled or whether the case should be dismissed.

**IT IS FURTHER ORDERED** that Rubber Resources' Cross-Motion for Sanctions is **DENIED.**

                                                        /s/ Terry I. Adelman
                                        UNITED STATES MAGISTRATE JUDGE

Dated this  14th  day of May, 2009.