UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREEN EDGE ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:02CV566  TIA |
| | ) | |
| RUBBER MULCH ETC. LLC, et al., | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREEN EDGE ENTERPRISES, LLC, | ) | |
| INTERNATIONAL MULCH COMPANY, | ) | |
| and MICHAEL MILLER, et al., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Rubber Resources' Motion for the Court to Establish a

Briefing Schedule Regarding Motion to Dismiss [Doc. #344] pertaining to the Memorandum and

Order dated May 14, 2009, which granted the Motion for Sanctions pursuant to Fed. R. Civ. P. 37(c)

for failure to disclose "a computation of each category of damages" in accordance with Rule

26(a)(1)(A)(iii) or Rule 26(e)(1)(A) and precluded Rubber Resources from introducing any damages

evidence related to its unfair competition claim.  (Doc. #339)

In its Memorandum and Order, the Court ordered the Parties to submit in writing their

positions regarding whether the action may proceed to trial or whether the case should be dismissed.

Having considered the submissions, the Court removed the trial from the docket.  Since that time,

Green Edge and Rubber Resources have submitted additional responses for the Court's review.  Most

notably, Rubber Resources requests a briefing schedule regarding the pending Motion to Dismiss and

notifies the Court of its intent to oppose dismissal of the case and ask that the Court reconsider its Rule 37 sanctions Order. (Doc. #344)

The Court notes that, while the Parties have filed briefs articulating their various positions regarding proceeding to trial, no formal motions to dismiss are pending. Further, while the briefs could be construed as motions to dismiss, upon further reflection the Court finds that summary judgment is the proper vehicle for dismissal under the circumstances of this case. See Hoffman v. Impact Confections, Inc., 544 F. Supp. 2d 1121, 1128 (S.D. Cal. 2008) (granting summary judgment where plaintiff was barred by Rule 37(c) from presenting damages evidence and could not prevail on any claim of which damages was an essential element); Use Techno Corp., v. Kenko USA, Inc., No. C-06-02754 EDL, 2007 WL 4169487 at *4 (N.D. Cal. Nov. 20, 2007) (granting defendants' motion for summary judgment based on plaintiffs' failure to disclose damages pertaining to its Lanham Act claim where plaintiffs were barred from presenting evidence of damages under Rule 37(c) and were unable to prove an essential element of that claim); Engineered Products Co. v. Donaldson Co., Inc., 165 F. Supp. 2d 836, 866 n.20 (N.D. Iowa 2001) (finding defendant was entitled to summary judgment under the Lanham Act where plaintiff failed to present evidence regarding actual damages).

Therefore, the Court finds that the Counterclaim Defendants Green Edge and International Mulch should file appropriate motions for summary judgment in this case and sets forth the following abbreviated briefing schedule:

Green Edge and International Mulch shall file their motions for summary judgment on Rubber Mulch's unfair competition claim demonstrating that they are entitled to judgment as a matter of law on Count V of Rubber Resources' Amended Counterclaim no later than **May 29, 2009.** The Parties may reference affidavits and other supporting documentation to avoid undue burden and duplication.

Rubber Resources shall file its response to the motions for summary judgment no later than **June 10, 2009.**

Green Edge and International Mulch shall file their replies no later than **June 19, 2009** or notify the Court as soon as practicable that no reply briefs are necessary.

The Court does not anticipate the necessity of oral arguments but will schedule a hearing if, after reviewing the briefs, it deems that oral arguments will be beneficial to the disposition of the summary judgment motions.

Finally, to the extent that Rubber Resources intends to ask the Court to reconsider its May 14, 2009 Memorandum and Order and to re-litigate an issue that has been fully briefed, argued in court, and ruled upon, the undersigned declines to reconsider its Rule 37 sanctions Order or review any additional argument regarding the Rule 37 motion or this Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Counterclaim Defendants file appropriate motions for summary judgment as set forth above.

**IT IS FURTHER ORDERED** that the Parties shall follow the briefing schedule specified in this Memorandum and Order.

**IT IS FINALLY ORDERED** that Rubber Resources' Motion for the Court to Establish a Briefing Schedule Regarding Motion to Dismiss [Doc. #344] is **DENIED** consistent with this Memorandum and Order.

_____ /s/ Terry I. Adelman _____
UNITED STATES MAGISTRATE JUDGE

Dated this ___19th___ day of May, 2009.