UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:02CV566 TIA |
| RUBBER MULCH ETC. LLC, et al., | ) |
| Defendants/Counterclaim Plaintiffs, | ) |
| v. | ) |
| GREEN EDGE ENTERPRISES, LLC, INTERNATIONAL MULCH COMPANY, and MICHAEL MILLER, et al., | ) |
| Counterclaim Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Counterclaim Defendants' Joint Motion for Summary Judgment on Count V of Counterclaim Plaintiff's Counterclaim. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Facts**

The undersigned incorporates the background and facts set forth in the Memorandum and Order dated July 2, 2007. (Doc. #219, pp. 1-3) The Court also sets forth the following additional facts pertinent to the pending summary judgment motion:

On May 14, 2009, the undersigned issued a Memorandum and Order granting the Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c) filed by International Mulch Company and Michael Miller, and joined by Green Edge Enterprises, LLC, Judy Smith, and Lee Greenberg (collectively "Green Edge Parties"). (Doc. #339) In that Memorandum and Order, the Court held that Rubber

Resources had failed to properly disclose "a computation of each category of damages" as mandated by Federal Rule of Civil Procedure 26(a)(1)(A)(iii) or Rule 26(e)(1)(A). (Doc. #339, p. 12) The Court further held that sanctions under Rule 37(c)(1) were warranted such that Rubber Resources could not present damages evidence regarding its unfair competition claim at trial. (Doc. #339, p. 12) The Court specifically found that "Rubber Resources had the responsibility and duty under the Federal Rules of Civil Procedure to disclose its theory of damages and a computation under Rule 26, and it failed to do so, thus prejudicing the Counterclaim Defendants International Mulch and Green Edge." (Doc. #339, pp. 7-8) The Court then found that Rubber Resources' failure to disclose the theory and calculation of damages was not substantially justified or harmless. (Doc. #339, pp. 9-11) In addition to precluding Rubber Resources from introducing damages evidence, the Court ordered the parties to submit in writing their positions regarding whether the cause of action should proceed to trial or be dismissed. (Doc. #339, p. 12)

Upon review of the Parties' respective responses regarding trial, the Court notified the Parties that it was removing the case from the trial docket and that it was construing the responses by the Green Edge Parties as motions to dismiss. On May 19, 2009, the undersigned found that, while the briefs could be construed as motions to dismiss, summary judgment was the proper vehicle for dismissal under the circumstances of the case. (Doc. #348, p. 2) The Court then ordered the Green Edge Parties to file appropriate motions for summary judgment. (Doc. #348, p. 2) The Court noted that if, after review of the briefs pertaining to the motions for summary judgment, it deemed that oral arguments would be beneficial to the disposition of the motions, it would schedule a hearing. (Doc. #348, p. 3) The Court further stated that it would not reconsider its May 14, 2009 Memorandum and Order issuing Rule 37 Sanctions. (Doc. #348, p. 3)

On May 29, 2009, the Green Edge Parties filed a Joint Motion for Summary Judgment on Count V of Counterclaim Plaintiff's Counterclaim, claiming that they are entitled to judgment as a matter of law because Rubber Resources cannot prove damages as a result of the alleged unfair competition, which is an essential element of its Lanham Act claim. (Doc. #351) Rubber Resources filed its response in opposition on June 10, 2009, extensively re-asserting its position that Rule 37 sanctions were not warranted. (Doc. #352, pp. 2-11) Rubber Resources additionally argues that it is able to prove its Lanham Act claim without establishing the exact, net amount of damages to which it is entitled because it does not have the burden of establishing a calculation of damages. (Doc. #352, pp. 12-14) Finally, Rubber Resources contends that the cases upon which this Court relied in its Rule 37 Sanctions Order and its Order directing the Green Edge Parties to file motions for summary judgment are distinguishable and do not support dismissal of Rubber Resources' Lanham Act claim. (Doc. #352, pp. 14-16) In their reply dated June 18, 2009, the Green Edge Parties maintain that Rubber Resources' response argues irrelevancies and misrepresents the record, instead of demonstrating that a genuine issue of material fact exists with regard to the Lanham Act claim. (Doc. #353)

## **Discussion**

With regard to Rubber Resources' continued attempt to re-litigate the Motion for Sanctions under Rule 37 and this Court's Orders pertaining to that motion, the undersigned finds that the record speaks for itself and stands by this Court's previous rulings.

The Green Edge Parties argue that summary judgment is warranted because Rubber Resources is unable to prove damages, an essential element of a Lanham Act claim. The undersigned agrees with The Green Edge Parties and finds that they are entitled to judgment as a matter of law.

3

To prevail on an unfair competition claim under the Lanham Act, a plaintiff must prove:

> (1) that the defendant . . . made a false or misleading statement of fact in commercial advertising or promotion about the plaintiff's goods or services; (2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the defendant caused the statement to enter interstate commerce; and (5) that the statement results in actual or probable injury to the plaintiff.

Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1348 (Fed. Cir. 1999); see also Rainbow Play Sys., Inc. v. Groundscape Techs., LLC, 364 F. Supp. 2d 1026, 1032 (D. Minn. 2005) (setting forth the five elements required to prevail on a Lanham Act unfair competition claim). "To demonstrate liability under the Lanham Act, each of these factors must be satisfied." Rainbow Play Sys., 364 F. Supp. 2d at 1032.

In the instant case, the Green Edge Parties assert that Rubber Resources is unable to show that it has suffered any actual or probable injury. In order to recover money damages under the Lanham Act, a plaintiff must prove actual damages and a causal connection between the defendant's violation and the money damages. Blue Dane Simmental Corp. v. American Simmental Ass'n, 178 F.3d 1035, 1024 (8th Cir. 1999); Engineered Products Co. v. Donaldson Co., Inc., 165 F. Supp. 2d 836, 866 n.20 (N.D. Iowa 2001).

Here, pursuant to this Court's Rule 37 Sanctions Order, Rubber Resources is precluded from introducing any evidence of damages relating to its unfair competition claim under the Lanham Act. Thus, Rubber Resources is unable to demonstrate a prima facie case of unfair competition, and summary judgment on that claim is appropriate as a matter of law. See Hoffman v. Impact

Confections, Inc., 544 F. Supp. 2d 1121, 1128 (S.D. Cal. 2008) (granting summary judgment where plaintiff was barred by Rule 37(c) from presenting damages evidence and could not prevail on any claim of which damages was an essential element); Use Techno Corp., v. Kenko USA, Inc., No. C-06-02754 EDL, 2007 WL 4169487 at *4 (N.D. Cal. Nov. 20, 2007) (granting defendants' motion for summary judgment based on plaintiffs' failure to disclose damages pertaining to its Lanham Act claim where plaintiffs were barred from presenting evidence of damages under Rule 37(c) and were unable to prove an essential element of that claim); Engineered Products Co. v. Donaldson Co., Inc., 165 F. Supp. 2d 836, 866 n.20 (N.D. Iowa 2001) (finding defendant was entitled to summary judgment under the Lanham Act where plaintiff failed to present evidence regarding actual damages).

Accordingly,

**IT IS HEREBY ORDERED** that the Counterclaim Defendants' Joint Motion for Summary Judgment on Count V of Counterclaim Plaintiff's Counterclaim [Doc. #350] is **GRANTED** and Count V of Counterclaim Plaintiff Rubber Resources LTD, LLP's First Amended Counterclaim [Doc. #87] is **DISMISSED** with prejudice. A final judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that, there being no remaining claims pending in this matter, the case is hereby **DISMISSED**.

                                                        /s/ Terry I. Adelman
                                        UNITED STATES MAGISTRATE JUDGE

Dated this  24th  day of June, 2009.