UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Cause No.:  4:02CV00566TIA |
| RUBBER MULCH ETC., LLC., et al., ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs, ) | |
| vs. ) | |
| ) | |
| GREEN EDGE ENTERPRISES, LLC, ) | |
| INTERNATIONAL MULCH COMPANY, ) | |
| and MICHAEL MILLER, ) | |
| ) | |
| Counterclaim Defendants. ) | |

**INTERNATIONAL MULCH COMPANY AND
MICHAEL MILLER'S TRIAL BRIEF**

**I.     INTRODUCTION.**

International Mulch Company and Michael Miller (collectively "International Mulch") submit this brief in connection with the trial scheduled to commence on February 28, 2011.  At trial, International Mulch will prove that all the claims of U.S. Patent No. 5,910,514 ("the '514 patent"), the patent currently asserted by Green Edge Enterprises, LLC ("Green Edge"), are invalid.  International Mulch will also prove that Rubber Resources' allegations of unfair competition are baseless, and the damages projections associated with those allegations are exaggerated and not based on the economic realities of the marketplace.

**II.    ISSUES TO BE TRIED.**

   A.    Invalidity of the '514 Patent.

Rubber Resources and International Mulch will put on evidence to demonstrate that the claims of the '514 patent are invalid.  The theories of invalidity include anticipation, obviousness, failure to disclose the best mode, and lack of enablement.  Each will be discussed in turn below

        1.      *The '514 Patent is Anticipated by U.S. Patent No. 5,543,172.*

International Mulch will prove, by clear and convincing evidence, that each claim of the '514 patent is anticipated by U.S. Patent No. 5,543,172 (the "'172 patent") issued to Jakubisin. The '172 patent, entitled "Fall Zone Covering for Playground," was filed more than one year before the filing of the '514 patent and discloses, expressly or inherently, each and every limitation of each claim of the '514 patent.

        2.      *The '514 Patent is Anticipated by the Prior Use of Mr. Martin Javorek.*

International Mulch will also prove that the '514 patent is anticipated by the prior conception, manufacture, offers for sale, and sale of colored mulch by Mr. Martin Javorek. International Mulch will introduce evidence sufficient to show, by clear and convincing evidence, that the exact rubber mulch product claimed in the '514 patent was conceived of, made, and sold by Mr. Javorek in the United States before the priority date of the '514 Patent.[1] *See, e.g., Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001) (stating that an accused infringer has the burden of proving prior invention by clear and convincing evidence). International Mulch is also prepared to prove by clear and convincing evidence that Mr. Javorek did not suppress, conceal, or abandon his invention at any point before the filing date of the '514 . *Id.* at 1038.

        3.      *The '514 Patent is Obvious Under 35 U.S.C. § 103.*

International Mulch will also prove that the claims of the '514 patent are obvious. Although "[t]he ultimate judgment of obviousness is a legal determination," the issue does "lend[] itself to several basic factual inquiries." *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007); *Graham v. John Deere,* 383 U.S. 1, 17 (1966).  The evidence International Mulch intends to introduce will allow "the scope and content of the prior art [] to be determined; differences

---

[1] The priority date of the '514 patent is the filing date of the underlying application; October 1, 1997.

between the prior art and the claims at issue [] to be ascertained; and the level of ordinary skill in the pertinent art [to be] resolved." *Id.* "Against this background, the obviousness or nonobviousness of the subject matter [will be] determined." *Id.*

International Mulch will prove that the '514 patent is obvious in light of several prior art references; these include the prior art Jakubisin reference and the earlier development efforts and sales by Mr. Javorek.

4. *The '514 Patent is Not Enabled Under 35 U.S.C. § 112.*

International Mulch will also prove that the claims of the '514 patent are invalid because they are not enabled. To be valid, a patent must "enable a person of ordinary skill in the art to make and use the full scope of the invention without undue experimentation." *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005).

International Mulch will introduce evidence that the inventors of the '514 patent did not know and, therefore, did not disclose, the actual composition of the colorant that ultimately became an essential element of each claim of the '514 patent. This evidence will prove that the claimed colorant was developed by a third party and was kept as a trade secret by that third party. Because the '514 patent claims this colorant without disclosing its formulation, one skilled in the art was not capable of making or using the full scope of the invention without undue experimentation. This evidence will prove that the claims of the '514 patent are not enabled.

B. <u>International Mulch Did Not Unfairly Compete.</u>

To prove that International Mulch engaged in unfair competition, Rubber Resources must prove, by a preponderance of the evidence, that (1) International Mulch made a false or misleading statement of fact in commercial advertising or promotion about Rubber Mulch's goods or services; (2) the statement actually deceived or is likely to deceive a substantial segment of the intended audience; (3) the deception was material, in that it was likely to influence purchasing decisions;

3

(4) International Mulch caused the statement to enter interstate commerce; and (5) the statement resulted in actual or probable injury to the plaintiff. *See e.g. Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999).

Because Rubber Resources' claim arises out of International Mulch's marketplace activity in support of its patent license, Rubber Resources must also prove, by clear and convincing evidence, that International Mulch's activities were undertaken in bad faith. *Id.* at 1353; *Dominant Semiconductors SDN. BHD. v. Osram GMBH*, 524 F.3d 1254, 1263-64 (Fed. Cir. 2008).

Rubber Resources claims International Mulch unfairly competed in two ways: 1) by suing its competitors for infringement at a time when it *knew* the '514 patent was invalid[2], and 2) by making bad-faith statements to its customers that other suppliers of colored rubber mulch were incapable of manufacturing a non-infringing product.

International Mulch will prove that Rubber Resources' accusations are baseless. The evidence will show that International Mulch never owned the '514 patent and, therefore, never filed suit against any of its competitors. Although Rubber Resources may try to use a license International Mulch entered into with Green Edge as evidence of unfair competition, such evidence should not be admitted by the Court. Even if it is admitted, the license does not constitute a statement of fact in commercial advertising or promotion; as a result, it cannot satisfy the elements for unfair competition. International Mulch intends to ask the Court to exclude this evidence for the purposes of satisfying Rubber Resources' unfair competition claim at trial.

Moreover, even if Rubber Resources could show that International Mulch took action against a competitor for infringement, the presumption of validity enjoyed by the '514 patent

---

[2] Rubber Resources cannot point to any evidence to show that International Mulch actually accused a supplier of infringement or instituted litigation against that supplier. This is because International Mulch was not an owner of the '514 patent and did not have the primary right to sue under the patent per the license agreement.

4

*legally* precludes Rubber Resources from arguing that International Mulch's actions were "objectively baseless" and, therefore, taken in bad faith.  *See e.g. G.P. Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007) (reversing a finding of bad faith because the patent assignee's assertion of its rights under a valid patent was not objectively baseless).

Similarly, Rubber Resources has no admissible evidence that International Mulch made any statements to customers regarding the ability to invent around the '514 patent or that such statements were made in bad faith, as the case law requires.  Finally, Rubber Resources will be unable to prove that any of its alleged damages were directly attributable to International Mulch's actions.

### III.  OTHER EVIDENTIARY AND LEGAL ISSUES.

A. <u>Motions in Limine and Other Evidentiary Issues.</u>

1. *Rubber Resources' Highly Prejudicial and Irrelevant Evidence.*

To win its unfair competition case, Rubber Resources must prove that any actions taken by International Mulch were taken in bad faith.  This necessarily requires Rubber Resources to prove that the threat of a lawsuit under the '514 patent was "objectively baseless."  *G.P. Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d at 1374.

As evidence, Rubber Resources relies on International Mulch's alleged assertions of infringement against other suppliers and customers.  But, allowing Rubber Resources to introduce this evidence undermines the immunity granted to International Mulch, under the *Noerr-Pennington* doctrine.  Unless Rubber Resources can challenge the "*legal viability*" of a suit for infringement under the '514 patent (which it cannot, considering the matter of infringement and validity are currently before this court), it is impermissible for Rubber Resources to use any evidence of International Mulch's assertion of the '514 patent to support its claim of unfair competition.  *See e.g. Professional Real Estate Investors, Inc., v. Columbia Pictures Indus., Inc.*,

5

508 U.S. 49 (1993) (explaining the *Noerr-Pennington* immunity and holding that a party must disprove a lawsuit's "legal viability" for that lawsuit to be considered objectively baseless).

Based on the above, International Mulch intends to file a Motion in Limine to exclude all evidence relating to its purported assertions of infringement under the '514 patent.

2.  *Rubber Mulch's Hearsay Evidence.*

Rubber Resources has a significant proof problem in its unfair competition case. It has identified no customers that will testify 1) that International Mulch told them not to buy from Rubber Resources because Rubber Resources was a patent infringer, or 2) that a customer failed to buy from Rubber Resources because of any statements (or threats) by International Mulch. This failure is fatal to Rubber Resources' unfair competition case.

In an apparent attempt to overcome this fatal shortcoming in its case, Rubber Resources included in its previous trial brief [Docket No. 313] a great number of hearsay statements to support its allegations of unfair competition. However, depositions taken subsequent to that brief indicate that Rubber Resources has no *admissible* evidence to support its accusations. International Mulch intends to file a Motion in Limine to exclude all of Rubber Mulch's unsupported hearsay testimony.

3.  *Rubber Mulch's Unclean Hands.*

Rubber Resources comes to this Court requesting equitable relief, but it does so with unclean hands. As this Court is well aware, "[t]he doctrine of unclean hands bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct . . . ." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010).

As outlined above, Rubber Resources alleges in this lawsuit that patent licensee International Mulch engaged in unfair competition when it urged Green Edge, the owner of the

6

'514 patent, to continue to litigate against one of International Mulch's competitors even after the validity of the patent was brought into question during litigation. Yet, it has come to light that Rubber Resources proposed the very same arrangement earlier in this litigation.

In a letter from Rubber Resources to Green Edge during the previous lawsuit, Rubber Resources suggested that the two parties enter into an agreement whereby Rubber Resources would withdraw its validity challenge in exchange for a license to practice the '514 patent. Rubber Resources also encouraged Green Edge to pursue an infringement lawsuit against International Mulch and offered to request this Court reverse its earlier determination that the '514 patent was invalid.

As a result of these correspondences, Rubber Resources should not be permitted to argue that International Mulch's license with Green Edge constitutes unfair competition. Either Rubber Resources' earlier proposals to Green Edge were lawful and, by extension, so were International Mulch's, or Rubber Resources proposal was unlawful and the doctrine of unclean hands prevents Rubber Resources from seeking equitable relief against International Mulch.

Based on the foregoing, International Mulch intends to request that this Court bar Rubber Resources from introducing any evidence relating to International Mulch's license with Green Edge as evidence of unfair competition.

    B.    <u>Motions to Strike and/or to Exclude Expert Testimony.</u>

In addition to this brief, International Mulch will also be filing a *Daubert* Motion to Exclude or Limit the Testimony of Lynn Jones. As that Motion demonstrates, Rubber Resources' evidence of lost profits, which consists exclusively of testimony from its damages expert Lynn Jones, is speculative and ignores the economic realities of the rubber mulch market.

Mr. Jones proposed testimony: incorrectly assumes that the rubber mulch industry is a two-player market despite ample evidence (including his own admission) that a significant number of

7

other competitors exist; incorrectly assumes that the parties to this suit compete in all 48 contiguous states when Rubber Resources' own sales figures prove otherwise; and fails to make vital distinctions between the various products sold by the parties to this suit, despite knowing that many of the parties' sales do not even relate to rubber mulch.

Because much of Mr. Jones' testimony is unreliable and speculative, it is improper and should not be introduced at trial.

          Respectfully submitted,
          SENNIGER POWERS LLP

By:   /s/ Jennifer E. Hoekel
       Keith A. Rabenberg, #4113
       Jennifer E. Hoekel, #74338
       B. Scott Eidson, #517872
       100 N. Broadway, 17th Floor
       St. Louis, Missouri 63102
       (314) 345-7000 (Telephone)
       (314) 231-4342 (Facsimile)
       krabenberg@senniger.com
       jhoekel@senniger.com
       seidson@senniger.com

       Attorneys for Counterclaim-Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2011, a copy the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Ronald D. Foster
PO Box 2706
South Bend, Indiana 46614
(574) 236-5973
Rfoster@blackburne.com
*Counsel for Rubber Resources LTD., LLLP*

Allen P. Press
Joe D. Jacobson
Green and Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
St. Louis, MO 63105
(314) 862-6800
press@stlouislaw.com
andres@stlouislaw.com
*Counsel for Green Edge Enterprises, L.L.C.*

John H. Quinn, III
Armstrong Teasdale, LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
 (314) 621-5070
jquinn@armstrongteasdale.com
*Counsel for Rubber Resources LTD., LLP*

Sara Pfrommer
Law Offices of Sara Pfrommer
2663 Little Kate Road
Park City, UT  84060
(435) 658-2543
sara@sarapfrommer.com
*Counsel for Rubber Resources LTD., LLP*

By:   /s/ Jennifer E. Hoekel