UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:02CV566 TIA |
| ) | |
| RUBBER MULCH ETC. LLC, et al., ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GREEN EDGE ENTERPRISES, LLC, ) | |
| INTERNATIONAL MULCH COMPANY, ) | |
| and MICHAEL MILLER, et al., ) | |
| ) | |
| Counterclaim Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on International Mulch Company and Michael Miller's Request for Entry of Judgment and on Rubber Resources and Green Edge's Joint Motion Regarding Settlement and Entry of Judgment. (ECF Nos. 538, 544) The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

After nearly a decade of litigation, a jury returned its verdict in this patent case on April 15, 2011. The jury found that Rubber Resources wilfully infringed Claims 1, 2, 4, 5, 6, 7, and 8 of the '514 Patent pertaining to Rubber Mulch. The jury also found that all 8 claims of the '514 Patent were invalid on the bases that the claims were anticipated by any of the prior art and that they would have been obvious to a person of ordinary skill in the field given the prior art references and devices. The jury awarded no damages to Green Edge. (Verdict Form, ECF No. 512) During the trial, International Mulch Company and Michael Miller were realigned with Rubber Resources, and counsel

for International Mulch Company and Michael Miller were effective and instrumental in achieving the invalidity verdict.[1]

After the trial and before issuance of judgment, counsel for Rubber Resources requested that this Court stay any rulings so that it could pursue settlement discussions with Green Edge. (ECF No. 532) Rubber Resources and Green Edge then filed a motion requesting that the Court enter their settlement agreement, which was contrary to the invalidity verdict and did not include International Mulch and Michael Miller. (ECF No. 544) International Mulch and Michael Miller objected, stating that the proposed settlement was prejudicial to them in light of the favorable jury verdict. (ECF Nos. 545, 552)

The undersigned agrees with International Mulch and Michael Miller and finds that, as permissibly aligned parties with Rubber Resources, as found by the Federal Circuit Court of Appeals, judgment on the jury verdict should be entered. As such, the Court will deny the Motion by Rubber Resources and Green Edge to enter the settlement agreement, which is prejudicial to the other parties. Rubber Resources is free to follow through with its declaration that Rubber Resources and Green Edge will appeal this result to the Federal Circuit. (ECF No. 551, pp. 4-5)

Accordingly,

**IT IS HEREBY ORDERED** that International Mulch Company and Michael Miller's Request for Entry of Judgment [ECF No. 538] is **GRANTED**. A separate Judgment shall accompany this Memorandum and Order.

---

[1] Rubber Resources raised the issue of the propriety of this realignment in the Federal Circuit Court of Appeals, and the court determined that "International Mulch may assert non-waived arguments for the invalidity of the '514 patent on remand, as it is permissibly aligned with Rubber Mulch and Rubber Resources." Green Edge Enter., LLC v. Rubber Mulch Etc., LLC, 620 F.3d 1287, 1295 n. 3 (Fed. Cir. 2010).

**IT IS FURTHER ORDERED** that Rubber Resources and Green Edge's Joint Motion Regarding Settlement and Entry of Judgment [ECF No. 544] is **DENIED.**

**IT IS FINALLY ORDERED** that Rubber Resources shall notify the Court no later than August 15, 2011 whether it intends to pursue its Motion for Bill of Costs and Motion for Sanctions.

      /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of August, 2011.