UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREEN EDGE ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:02CV566 TIA |
| | ) |
| RUBBER MULCH ETC. LLC, et al., | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GREEN EDGE ENTERPRISES, LLC, | ) |
| INTERNATIONAL MULCH COMPANY, | ) |
| and MICHAEL MILLER, et al., | ) |
| | ) |
| Counterclaim Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Rubber Resources' Proposed Order regarding certifying for appeal the disputes pertaining to Rubber Resources' Lanham Act claim. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

The procedural history in this case spans nearly a decade. On April 19, 2002, Plaintiff Green Edge Enterprises, L.L.C. filed a Complaint in federal court against Rubber Mulch Etc. Green Edge filed an Amended Complaint on January 10, 2005, joining Rubber Resources, Ltd., LLLC and Groundscape Technologies, LLC as defendants.[1] The First Amended Complaint alleged infringement of U.S. Patent Number 5,910,514 ('514) by Rubber Resources. On April 4, 2005, Rubber Resources

---

[1] Rubber Mulch Etc. and Groundscape Technologies, LLC are no longer defendants in this action. Thus, Rubber Resources, Ltd., LLLC remains the only defendant pertinent to this case.

filed a Counterclaim against Green Edge and the '514 patentees, Lee Greenberg and Judy Smith. Rubber Resources requested declaratory judgment of noninfringement of the '514 patent and of invalidity and/or unenforceability of the '514 patent. In addition, the Counterclaim alleged Unfair Competition in violation of 15 U.S.C. § 1125, known as the Lanham Act. Rubber Resources then filed a First Amended Counterclaim on July 5, 2005, adding International Mulch Company and Michael Miller as Counterclaim Defendants.

On March 25, 2008, the Court granted Rubber Resources' motion for summary judgment, invalidating the patent on the grounds that Green Edge failed to disclose the best mode and dismissing Green Edge's First Amended Complaint. After disposition of the remaining claims, the parties appealed to the Federal Circuit Court of Appeals. On September 7, 2010, the Federal Circuit Court of Appeals affirmed in part, reversed in part, and remanded the case to this Court. Green Edge Enter., LLC v. Rubber Mulch Etc., LLC, 620 F.3d 1287 (Fed. Cir. 2010).

On remand, the Court set the case for trial on the only remaining claims: Green Edge's infringement claim; Rubber Resources' invalidity claim[2]; and Rubber Resources claim of unfair competition under the Lanham Act. Prior to trial, the Court issued several Orders on Motions in Limine filed by the parties, including an Order on March 15, 2011, excluding evidence relating to International Mulch and Green Edge's patent enforcement activities and evidence relating to

---

[2] The Court granted International Mulch and Michael Miller's Motion to Realign Parties on November 26, 2008, which allowed those Counterclaim Defendants to realign with Rubber Resources on Count II of the Defendants' First Amended Counterclaim and argue the invalidity of the '514 patent. (Memorandum and Order of 11/26/08, ECF No. 293) On September 7, 2010, the Federal Circuit Court of Appeals found that "International Mulch may assert non-waived arguments for the invalidity of the '514 patent on remand, as it is permissibly aligned with Rubber Mulch and Rubber Resources." Green Edge Enter., LLC v. Rubber Mulch Etc., LLC, 620 F.3d 1287, 1295 n. 3 (Fed. Cir. 2010).

inequitable conduct on behalf of International Mulch or Green Edge in regard to Rubber Resources' Lanham Act claim. (Order of 3/15/11, ECF No. 482) However, the Court did allow Rubber Resources to submit a Proffer of Evidence that it would have presented at trial had the Court not excluded such evidence. Rubber Resources filed said proffer on March 20, 2011. (ECF No. 484)

On April 7, 2011, the case finally went to trial. On Day 4 of the trial, the parties advised the Court that they had reached an agreement to bifurcate the trial and sever the Lanham Act claim to allow Rubber Resources to appeal the Court's ruling on the Motion in Limine. (Transcript of Proceedings on April 12, 2011, ECF No. 496, 4:9-7:21) Thus, Rubber Resources did not present the unfair competition claim under the Lanham Act to the jury. On April 15, 2011, the jury reached a verdict, finding that Rubber Resources willfully infringed all of the claims of the '514 patent.[3] The jury also determined that the '514 patent was invalid due to anticipation by prior art and obviousness. (Jury Verdict Form, ECF No. 512)

On April 18, 2011, Rubber Resources submitted a proposed Order of Bifurcation and Interlocutory Decision to certify for appeal the Court's evidentiary rulings pertaining to the unfair competition claim. Shortly thereafter, International Mulch and Michael Miller filed an opposition to the proposed order, arguing that the proposed order fails to comply with the requirements for certification and that the Court should instead enter final judgment as a matter of law. On April 27, 2011, Rubber Resources filed its Response, asserting that the parties stipulated to certifying the evidentiary rulings for appeal, and the Court should hold the parties to this agreement. Since April, the parties have filed additional responses pertaining to the issue of interlocutory appeal, as well as

---

[3] The jury did not find that Rubber Resources infringed Claim 3, as that Claim was not listed on the verdict form.

raised new issues unrelated to the present certification question.[4]

**Discussion**

Rubber Resources requests that this Court certify for appeal the grant of International Mulch's Motion in Limine, which excluded evidence relating to International Mulch and Green Edge's patent enforcement activities. In that Order, the Court followed Federal Circuit law and found that the enforcement activities were not objectively baseless, thus requiring the exclusion of such evidence. The Order did not preclude Rubber Resources from presenting evidence of marketplace statements that International Mulch and Green Edge were the sole non-infringing sources of synthetic rubber mulch or from submitting proof that the '514 patent was invalid, not enforceable, or not infringed. (Order of 3/15/11, ECF No. 482) This evidentiary ruling was later buttressed by Rubber Resources' Proffer of Evidence, which focused on the subjective baselessness of the enforcement activities and ignored the good faith patent enforcement activities in this Court which included findings by both the undersigned and the Federal Circuit Court of Appeals that material issues of fact precluded a finding that the '514 patent was invalid as a matter of law. See Green Edge, 620 F.3d at 1297-98 (agreeing with the district court that genuine issues of material fact precluded summary judgment on the basis of anticipation, prior sales, and obviousness).

While the Court allowed the parties to bifurcate the trial and agree to take up the matter in the Court of Appeals, the undersigned is concerned by the fact that its evidentiary ruling is not a final judgment. In addition, 28 U.S.C. § 1292(b) provides for certification for interlocutory appeal only

---

[4] Rubber Resources most recently filed a Response to Supplemental Memorandum Regarding Entry of Judgment on July 25, 2011. (ECF No. 551) The Court then ordered International Mulch and Michael Miller to file a response, which they filed on August 3, 2011. (ECF No. 554) The majority of that response is devoted to issues that are not the subject of this Memorandum and Order.

when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion." International Mulch argues that the law is clear that a party cannot use evidence of good-faith patent enforcement to support a claim for unfair competition. However, Rubber Resources argued then, and continues to argue now, that the evidence did not demonstrate good faith enforcement, such that the Court should have allowed evidence of the patent enforcement history.

Further, review of the transcript demonstrates that Rubber Resources did request that this Court "bifurcate out the Lanham Act issues at this point and certify the evidentiary issues for appeal", and the other parties agreed with the conditions set forth by Rubber Resources' counsel. (Transcript of Proceedings on April 12, 2011, ECF No. 496, 4:9-7:21). While the agreement did not specify the actual procedure or provision to accomplish the certification of appeal, the undersigned finds that the term "certify" implies that the parties would utilize 28 U.S.C. § 1292(b).[5]

The Court finds that the issues related to Rubber Resources' evidence pertaining to the Lanham Act claim involves controlling issues of law in this case and that there is substantial ground for difference of opinion. Additionally, an interlocutory appeal may materially advance the ultimate termination of this case. Based on the above discussion, and in accordance with the agreement reached by the parties, the Court will certify for interlocutory appeal its Order of March 15, 2011, granting International Mulch and Michael Miller's Motion in Limine and excluding evidence related to patent enforcement activities by Green Edge and International Mulch.

Accordingly,

---

[5] The undersigned also notes that according to Federal Circuit law, "a ruling on a motion in limine is appealable only as an interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." Ultra-Precision Mfg. v. Ford Motor Co., 338 F.3d 1353, 1358 (Fed. Cir. 2003).

5

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1292(b) and the agreement by the parties, this Court's March 15, 2011 Order granting International Mulch and Michael Miller's Motion in Limine (ECF No. 482) is certified for interlocutory appeal. There are no pending matters requiring a stay in this case.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of August, 2011.